## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTOPHER FULTZ, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:19-cv-878 |
| | ) | |
| GREEN SQUARE COMPANY, LLC | ) | |
| d/b/a GREENSQUARE | ) | |
| CORPORATION and PLAZA | ) | |
| SERVICES, LLC | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Now comes CHRISTOPHER FULTZ ("Plaintiff"), complaining as to the conduct of GREEN SQUARE COMPANY LLC d/b/a GREENSQUARE CORPORATION ("Green Square") and PLAZA SERVICES, LLC ("Plaza") (collectively, "Defendants").

### NATURE OF THE ACTION

1.      Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

### JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial portion of the events giving rise to the claims occurred within this District.

[ 1 ]

PARTIES

4.     Plaintiff is a natural person residing in Summit County, Ohio.

5.     Green Square is a New York limited liability company with its headquarters at 255 Great Arrow Drive, Suite 201, Buffalo, New York 14207.

6.     Green Square is a debt collector.  *Home*, GreenSquare Corporation (*last visited* 4/18/2019), http://greensquarecorporation.com/index.html ("GreenSquare is a debt collection agency and this is an attempt to collect debt.").

7.     Plaza is a South Dakota limited liability company with its principal place of business in Atlanta, Georgia.

8.     Plaza is a third-party debt collector.  *Plaza Services LLC* (*last visited* Feb. 23, 2019), https://plazaservicesllc.com ("This is a communication from a debt collector").

FACTS SUPPORTING CAUSES OF ACTION

9.     Plaintiff allegedly incurred a debt to pay for household items for personal (not business) use.

10.     After this purported debt went into default, Plaza purchased it.

11.     Subsequently, Plaza contracted Green Square to collect the purported debt from Plaintiff on its behalf.

12.     Recently, Green Square called Plaintiff several times in an attempt to collect upon the purported debt.

13.     Green Square called Plaintiff on his personal cell phone.

14.     Green Square also called the fire station where Plaintiff is employed.

[ 2 ]

15. In at least one instance, Green Square left a message on Plaintiff's voicemail. That message is transcribed below to the best of counsel's ability:

> Yes, this message is for Christopher Fultz. My name is Travis James. I'm calling you from GreenSquare Corporation. I'm calling you today because there has been a civil complaint. It's been filed against you, it's also been filed against your social, and it's regarding a bad check. Uhhh, I need to speak with you or your attorney. You can reach me directly today. The phone number here is +1 (716) 418-8944, and your case number is 1033693. Thank you.

16. At no point during this message did Green Square state that the message was from a debt collector.

17. On reference and belief, no entity called "GreenSquare Corporation" or "Green Square Corporation" is registered in any jurisdiction, whether as a true name or a fictitious name.

18. On reference and belief, a "Green Square Company, LLC" is registered at the same address that is listed on the website greensquarecorporation.com.

19. On information and belief, the false name "GreenSquare Corporation" is used by Green Square both to appear more intimidating and to evade identification.

20. On reference and belief, no civil complaint has been filed against Plaintiff by Green Square or "regarding a bad check."

21. On reference and belief, Green Square does not file suits against debtors or purported debtors in Ohio.

22. Green Square's threatening voicemail and repeated calls, including to Plaintiff's fire station, caused Plaintiff worry, aggravation, and emotional distress.

[ 3 ]

## COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23.     Plaintiff realleges the paragraphs above as though fully set forth herein.

24.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25.     Defendants are "debt collector[s]" as defined by § 1692a(6) of the FDCPA because the principal purpose of their businesses is the collection of debts, and because they use the instrumentalities of interstate commerce to do so.  In the alternative, Defendants are "debt collector[s]" under § 1692(a)(6) because they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

26.     The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes.

27.     Green Square violated the FDCPA in the following ways:

a.    Calling at an unusual place which should have been known to be inconvenient to Plaintiff, namely the emergency response service at which Plaintiff works, in violation of § 1692c(a)(1);

b.    Failing to meaningfully disclose its identity in its voicemail message in violation of § 1692d(6);

c.    Making false, deceptive, and misleading representations in its voicemail message, in violation of § 1692e;

d.    Falsely representing in its voicemail message that Plaintiff's debt was the subject of a filed civil action in violation of § 1692e(2)(A) and § 1692e(10);

[ 4 ]

**e.** Falsely threatening in its voicemail message a civil suit when it had no intention to bring one in violation of § 1692e(5);

**f.** Failing to disclose that its voicemail message was from a debt collector in violation of § 1692e(11);

**g.** Using a company name in its voicemail message and on its website other than its true name in violation of § 1692e(14).

28. Plaza is liable for these violations because it supervises and controls the collections processes of Green Square, and because it is, itself, a debt collector. *Barbato v. Greystone All., LLC*, 916 F.3d 260, 268 (3d Cir. 2019).

## COUNT II — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

29. Plaintiff realleges the paragraphs above as though fully set forth herein.

30. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

31. Plaintiff is a "person" as defined by R.C. 1345.01(B).

32. Defendants are "supplier[s]" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

33. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

34. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendants for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

[ 5 ]

35.     Defendants committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendants engaged in acts and practices in violation of the FDCPA as set forth above.

36.     Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq.  See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03"); *see also Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627 (Ohio 2016).

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**     Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.**     Awarding Plaintiff actual damages as provided under 15 U.S.C. § 1692k(a)(1);

    **c.**     Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **d.**     Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees (including a multiplier);

    **e.**     Awarding Plaintiff the costs of this action; and

    **f.**     Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  April 18, 2019

s/ Geoffrey Parker

Geoffrey C. Parker (0096049)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
gparker@hiltonparker.com
*Trial Attorney for Plaintiff*

By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*Attorney for Plaintiff*